SO ORDERED.

SIGNED this 7th day of November, 2019.



_____
Robert E. Nugent
United States Bankruptcy Judge
_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>PATRICIA ANN LEE<br><br>                 Debtor. | Case No. 14-11872<br>Chapter 13 |
| IN RE:<br><br>PATRICIA ANN LEE<br>                 Plaintiff,<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION; BANK ONE, N.A. (OHIO); JPMORGAN CHASE BANK, N.A.; GSS DATA SERVICES, INC; NCO FINANCIAL SYSTEMS, INC.; TOTAL DEBT MANAGEMENT; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; | Adv. No. 19-5061 |

1

| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2 |
|---|
| Defendants. |

## ORDER GRANTING PARTIAL MOTION TO DISMISS AND GRANTING LEAVE TO AMEND

Patricia Lee's complaint states two causes of action, one that requiring payment of the student loans debtor guaranteed will work an undue hardship on her and the other asserting "on information and belief" that the loans were not "qualified educational loans" (QELs) under 11 U.S.C. § 523(a)(8)(B) and Internal Revenue Code (I.R.C.) § 221. On the latter count, Ms. Lee seeks a declaratory judgment that the loans are not QELs. The creditor, National Collegiate Trust, moves to dismiss the declaratory judgment count[1] for failure to state a claim under

---

[1] Adv. Doc. 45. The motion to dismiss was filed by the originally-named defendant National Collegiate Trust. After filing a separate motion to dismiss named defendants: National Collegiate Trust, The National Collegiate Student Loan Trust, National Collegiate Master Student Loan Trust and National Collegiate Funding, LLC, as parties in this proceeding, Doc. 47, a stipulated dismissal of those named defendants was entered and the following parties were substituted as the real parties in interest as holders of the six loans in question: National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2. *See* Doc. 63. For ease of reference, the substituted defendants and the movants in the current motion to dismiss shall be collectively referred to as National Collegiate Student Loan Trust or NCSLT.

2

Fed. R. Civ. P. 12(b)(6) and for failure to "provide a short and plain" statement of its basis as Fed. R. Civ. P. 8(a)(2) requires.[2]

The Complaint

This complaint contains a "factual background" section[3] that, summarized, alleges Ms. Lee guaranteed six loans made to her daughter, Cynthia, as an "alleged" educational benefit, that Ms. Lee is 72 and lives on social security. She has performed under a confirmed chapter 13 plan for nearly 5 years and has contributed 100% of her disposable income to her unsecured creditors. As might be expected, the balance of her obligations to NCSLT has increased during that period to $157,695.[4] No other facts are alleged in the background section.

For her second count debtor seeks a determination that the student loans do not qualify as educational loans under § 523(a)(8)(B) and should be discharged. The only allegations under this count are:

> 31. Plaintiff hereby incorporates by reference the previous allegations contained in paragraphs 1 through 29 above as if fully stated herein.
>
> 32. Upon information and belief, the Loans do not qualify as an educational benefit as defined in Section 221(d)(1) of the Internal Revenue Code.
>
> 33. Ms. Lee requests a Court determination as to whether or not the Loans are qualified as educational loans under 11 U.S.C. § 523(a)(8)(B).[5]

---

[2] Fed. R. Bankr. P. 7008 makes Fed. R. Civ. P. 8 applicable in adversary proceedings and Fed. R. Bankr. P. 7012 makes Fed. R. Civ. P. 12(b)(6) applicable in adversary proceedings.
[3] Adv. Doc. 1, ¶s 15-22.
[4] NCSLT has filed claims 1-6 in Ms. Lee's bankruptcy case that total $157,695.50.
[5] Adv. Doc. 1.

3

Analysis

***Consideration of "upon information and belief" allegations when ruling on a Rule 12(b)(6) motion to dismiss***

Allegations made "upon information and belief" are not inherently improper under the Supreme Court's *Twombly* and *Iqbal* Rule 12(b)(6) standards.[6] *Facts* may be alleged upon information and belief in two instances: (1) where the *facts* are peculiarly within the possession and control of the defendant;[7] or (2) where the belief is based on *factual information* that makes the inference of culpability plausible.[8] The Court is required to examine the content of the allegation itself to ascertain whether it has any factual support.[9] A conclusory allegation made "upon information and belief" is insufficient to make a claim plausible under *Twombly* and *Iqbal*.[10] And it remains Rule 12(b)(6) jurisprudence that courts are only required to

---

[6] *See Dorf v. City of Evansville,* No. 11-CV-351-S, 2012 WL 1440343, at *4 n. 2 (D. Wyo. Apr. 22, 2012) (applying the Rule 12(b)(6) standards to a motion under Rule 12(c) and finding allegations of "inappropriate behavior" and "improper conduct" made upon information and belief insufficient), *aff'd Dorf v. Bjorklund*, No. 12-8074, 531 Fed. Appx. 836 (10th Cir. May 9, 2013);

[7] *Boykin v. KeyCorp,* 521 F.3d 202, 215 (2d Cir. 2008). *See Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 107 n. 31 (3d Cir. 2015); *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,* 631 F.3d 436, 442-43 (7th Cir. 2011); *Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1372 (10th Cir. 1979). *See also,* 5 Arthur R. Miller et al., FED. PRAC. & PROC. CIV. § 1224 (3d ed., updated Aug. 2019) (noting that permitting allegations to be pled on information and belief "is a practical necessity").

[8] *Dorf, supra*, citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010).

[9] *McCartney v. United States,* 31 F. Supp. 3d 1340, 1345 (D. Utah 2014) (finding allegations on information and belief "totally conclusory" where they lack factual support).

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (allegations without any factual content from which the court can draw reasonable inferences are insufficient); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)(declaring insufficient an antitrust

4

accept as true allegations of fact; courts are not required to accept as true allegations that are conclusory in nature, without any factual content.[11]

The background section sets out no factual allegations in support of Ms. Lee's assertion that these loans are not "qualified" under § 523(a)(8)(B) or § 221 of the Internal Revenue Code. Section 221(d)(1) generally defines a "qualified education loan" as one incurred by the taxpayer solely to pay qualified higher education expenses. It must be incurred on behalf of a taxpayer, spouse or dependent, paid or incurred within a reasonable time before or after the debt is incurred, and attributable to education furnished while the recipient was an eligible student.[12] Section 221(d)(2) defines "qualified higher education expenses" as the "cost of attendance [further defined by the Higher Education Act of 1965] . . . at an eligible educational institution," with certain reductions for amounts excluded from gross income, such as scholarships and other educational assistance programs. No specific facts are pleaded in the factual background that would shed light on whether these student loans are QELs.

Plaintiff's legal theory rests entirely on paragraph 32 of her complaint and alleges on "information and belief" that the student loans are not QELs under §

---

complaint consisting of "naked assertion[s]" of conspiracy and unlawful agreement and devoid of "further factual enhancement"); *Khalik v. United Air Lines,* 671 F.3d 1188, 1190-91 (10th Cir. 2012) (conclusory statements and legal conclusions are disregarded).
[11] *Iqbal,* 556 U.S. at 679 (pleadings that are no more than conclusions are not entitled to the assumption of truth); *Kansas Penn Gaming LLC v. Collins,* 656 F.3d 1210, (10th Cir. 2011) (no presumption of truth applied to a conclusion of law without supporting factual content).
[12] *See* I.R.C. § 221(d)(1)(A)-(C).

5

221(d)(1). This is insufficient to state a claim. One, the student loans incurred and the expenses incurred or paid with the loan proceeds, appear to relate to matters within plaintiff's (or her daughter's), not the defendants', knowledge and therefore may not rest upon an "information and belief" allegation. How the loan proceeds were spent is information within plaintiff's or her daughter's possession and control. Two, this allegation is devoid of any alleged facts explaining why the student loans are unqualified. Some elaboration of facts how the loan proceeds were used is needed to draw a reasonable inference that the loans were not incurred for qualified higher education expenses, at an eligible education institution, or by an eligible student. Failing that, paragraph 32 is a pure and unadorned legal conclusion that is entitled to no presumption of truth and must be disregarded. In short, the sufficiency of the pleaded second count is not saved by being made "upon information and belief" as it does not meet either of the two exceptions above and lacks any factual support.

### *Applying the plausibility standard to the second count of plaintiff's complaint*

As outlined above a party claiming a student loan is not a QEL and therefore dischargeable is required to check numerous boxes. Is the student a taxpayer or related to the taxpayer? Was the debt incurred shortly before or after the expenses were paid? Are the expenses attributable to education furnished while the taxpayer's dependent was an eligible student? Were expenses incurred for the "cost of attendance" at an eligible institution? The Court has examined the entirety of plaintiff's complaint in search of those alleged facts. No facts that address any of

6

these questions are to be found.[13] It is not even apparent from the complaint when the six student loans were incurred, what educational institution plaintiff's daughter attended and when, her course of study, whether the daughter was carrying the requisite course load to qualify as an eligible student, the costs of attendance, and the nature and amount of expenses paid with the loan proceeds.

Citing *McDaniel v. Navient Solutions, LLC*,[14] plaintiff contends that she is only required to plead that the nondischargeable character of the loans is disputed because the claimant (NCSLT) bears the burden of proving the debt falls within the "nondischargeable rubric" of § 523(a)(8). The issue in that case was whether private Tuition Answer Loans held by Navient fell within the § 523(a)(8)(A)(ii) discharge exception.[15] Unlike the complaint before me, the debtors in *McDaniel* pled "specific allegations" regarding the Tuition Answer Loans, from which the court was able to determine whether they were encompassed by § 523(a)(8)(A)(ii).[16] Plaintiff conflates the burden of proof for establishing nondischargeability with stating a plausible claim for discharge of student loans. The *McDaniel* court recognized and applied the same standards for determining a Rule 12(b)(6) motion as I have applied here, even noting "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[17] At

---

[13] *See, e.g., In re Wiley*, 579 B.R. 1, 10-13 (Bankr. D. Maine 2017).
[14] 590 B.R. 537, 545 (Bankr. D. Colo. 2018).
[15] *Id.* at 548 (noting the distinction between an "educational benefit" used in § 523(a)(8)(A)(ii) and a "loan" as used in both § 523(a)(8)(A)(i) and (a)(8)(B)).
[16] *Id.* at 542-43.
[17] *Id.* at 544 (quoting *Iqbal*).

7

the pleading stage, it is plaintiff that must satisfy Rule 8(a)(2) and allege a sufficient factual basis supporting her claim that the student loans do not fall within § 523(a)(8)(B)'s terms.

*Twombly*'s now well-known "plausibility" standard governs NCSLT's motion to dismiss. I take the *factual* allegations in the complaint to be true and draw all reasonable inferences from those *facts* in the plaintiff's favor. *Twombly* requires "some minimal factual exposition sufficient to state a claim" that is plausible on its face.[18] As Moore's civil practice treatise notes, the Supreme Court in *Iqbal* stated that the "plausibility" standard "actually arises" from Rule 8's "short and plain statement" requirement, but also notes that Rule 8 does not separately authorize a motion to dismiss as does Rule 12.[19] The court looks only to the contents of the complaint in determining whether it states a plausible claim.

Applying the *Twombly-Iqbal* standards to the complaint, I conclude that the second count lacks any factual exposition in support of Ms. Lee's claim that these loans are not QELs. It is implausible that a court would declare these loans to be or not be QEL on the basis of a nonexistent factual predicate. It could be that the debtor's daughter was not an eligible student or didn't attend an eligible educational institution. Perhaps the loan didn't pay the "cost of attendance" at the institution. But not even a short and plain statement about any of this is found

---

[18] *Twombly,* 550 U.S. at 556-57. *See* 2 Moore's Federal Practice - Civil § 12.34 (2019).
[19] Moore's, *supra. See also Iqbal*, 556 U.S. at 677–79; *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (noting that after *Twombly/Iqbal,* Rule 8(a)(2) "still lives.").

8

*anywhere* in the complaint. Ms. Lee has failed to state a claim upon which I could conclude that these loans are not "qualified" and not protected from discharge under § 523(a)(8)(B).

While I could dismiss the second count on that basis, courts frequently allow deficient-pled claims to be amended so long as there is no "substantial reason" not to do so.[20] In this case, the debtor has also pled her undue hardship theory—which remains unanswered by NCSLT—and should be given one last opportunity to better flesh out the factual basis of her conclusory allegation that these loans are not "qualified." NCSLT's motion is granted, but dismissal of the second count is held in abeyance for 14 days after the entry of this order for plaintiff to amend her complaint accordingly. If no amended complaint is filed within the 14-day period, dismissal of the second count will be effective and NCSLT will be required to answer the remaining claim. In either event, NCSLT's answer will be due 14 days after the amendment period has expired.

###

---

[20] *Foman v. Davis* 371 U.S. 178, 182 (1962). *See also ReVest, LLC v. Long (In re Long),* Adv. No. 09-5303, 2010 WL 2178547 at *6 (Bankr. D. Kan. May 26, 2010) (recognizing that party should generally be granted an opportunity to amend claims before a dismissal with prejudice is warranted).

9

Case 19-05061    Doc# 72    Filed 11/07/19    Page 9 of 9